OPINION
This is the second appeal from this case before this court. Appellant, John Palinkas, appeals the judgment of the Lake County Court of Common Pleas in a declaratory judgment action instituted against appellee, Allstate Insurance Company ("Allstate").
On June 6, 1992, appellant was seriously injured in an automobile accident while he was a passenger in a car driven by Jason Skully and owned by Kenneth Skully. The medical expenses for his injuries amounted to approximately $21,500. At the time of the accident, Skully was covered by a policy of insurance with State Farm Mutual Insurance Company ("State Farm"), which provided coverage up to $50,000 per person and $100,000 per occurrence. Appellant was covered by a policy of insurance with Allstate, which contained an underinsured motorist provision with a limit of $50,000 per person and $100,000 per occurrence.
On April 28, 1993, State Farm made a settlement offer to appellant for the policy limit, $50,000. Allstate required that appellant receive written consent from it before accepting settlement offers. Appellant's attorney stated that he contacted a representative from Allstate by telephone, on May 3, 1993, and informed the representative of the settlement offer. After receiving no response or written consent from Allstate, appellant accepted State Farm's settlement offer, on August 16, 1993.
In November 1993, appellant filed an underinsured motorist claim with Allstate. Allstate denied the claim because appellant had settled and released State Farm and its insured without its written consent. On August 4, 1995, appellant filed a declaratory judgment complaint seeking an adjudication of his right to underinsured motorist coverage under his policy with Allstate.
On January 13, 1997, the trial court granted judgment in favor of Allstate. The court ruled that, although appellant gave notice of the settlement offer to Allstate, Allstate's duty to provide underinsured motorist coverage was negated because appellant accepted a settlement offer without its written consent. The court reasoned that appellant did not sufficiently notify Allstate that the $50,000 offer represented the policy limits or provide sufficient information to Allstate so that it could adequately analyze its position in the matter. Appellant appealed the judgment to this court. Palinkas v. Allstate Ins. Co. (Sept. 30, 1997), Lake App. No. 97-L-023, unreported.
We concluded that the trial court misinterpreted the law, as set forth in McDonald v. Republic-Franklin Ins. Co. (1989),45 Ohio St.3d 27, 543 N.E.2d 456, reversed the judgment of the trial court, and remanded the cause for a determination of whether the three and one-half months notice in this case provided Allstate a reasonable opportunity to protect its subrogation rights, under the particular factual circumstances of this case. In so holding, we instructed the trial court that if it found that the time period was reasonable and Allstate did not respond, Allstate had waived its right to deny underinsured motorist coverage to appellant. See id. On remand the trial court found that Allstate was on notice of State Farm's settlement offer to plaintiff, but that "plaintiff's single oral telephonic communication, unrecorded and untranscribed * * * was insufficient to put defendant Allstate adequately on notice of plaintiff's inclination (intention?) to accept the proceeds of State Farm." The trial court also reasoned that "three and one half months would have been a magnanimous amount of time for Allstate to respond" if Allstate had "actual and[/]or constructive knowledge of plaintiff's intent to receive money from State Farm without further intervention and\instruction [sic] from defendant Allstate." Therefore, the court concluded that "`under the particular factual circumstances of this case,' three and one-half months did not provide defendant Allstate a reasonable opportunity to protect its subrogation rights."
Appellant appealed from that order and raises the following assignment of error:
 "The trial court erred in finding that three and one-half months notice did not provide Allstate with a reasonable opportunity to protect its subrogation rights."
In his assignment of error, appellant asserts that three and one-half months was sufficient to give Allstate the opportunity to protect its subrogation interests.
In both of its judgment entries, the trial court concluded that appellant had provided Allstate with notice, but that it was not sufficient. In the first appeal, we wrote: "the notification * * * of the settlement offer of $50,000 was sufficient." We remanded for the very narrow purpose of having the trial court make a finding of whether three and one-half months provided Allstate a reasonable opportunity to protect its subrogation rights.
The trial court determined that three and one-half months was a magnanimous amount of time for Allstate to respond to proper notice, but that the notice was insufficient. In concluding that the notice was insufficient, the trial court contradicted the ruling of this court, which became the law of the case. Once concluding that three and one-half months would have provided Allstate with a reasonable opportunity to protect its subrogation rights, the court should have decided the case on its merits.
Appellant's assignment of error has merit.
The judgment of the trial court is reversed and remanded for a determination of the amount of underinsured coverage available to appellant.
FORD, P.J., O'NEILL, J., concur.